```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
IN RE: APPLICATION FOR AN                              ORDER
EXTENSION OF NON-DISCLOSURE
ORDER TO INSTAGRAM INC.                                18-MC-1504 (PK)
-----------------------------------------------------------------------X  19-MC-1536 (JO)
```

James Orenstein, Magistrate Judge:

In a sealed application filed on June 12, 2019, the government seeks an order extending by two months the period in which Instagram Inc. ("Instagram") is forbidden to notify any person of the existence of a subpoena directed to its corporate parent. Docket Entry 1. As I have explained in more detail elsewhere, such an order may be incompatible with Federal Rule of Criminal Procedure 6(e)(2). *See In re Grand Jury Subpoena to Google Inc.*, 2017 WL 4862780, at *3 (E.D.N.Y. Oct. 26, 2017); *In re Grand Jury Subpoena to Facebook*, 2016 WL 9274455, at *6 (E.D.N.Y. May 12, 2016); *but see In re Application of the U.S. For An Order Pursuant To 18 U.S.C. § 2705(b)*, 131 F. Supp. 3d 1266, 1276 (D. Utah 2015); *In re Application of U.S. for an Order Pursuant to 18 U.S.C. § 2705(b)*, 866 F. Supp. 2d 1172, 1173 (C.D. Cal. 2011). Instagram should have an opportunity to be heard on the matter – both as to whether it consents to the instant request for relief and, if it does not, as to whether the proscription of secrecy requirements in Rule 6, the First Amendment, or any other authority trumps the government's reliance on the relevant provision of the Stored Communications Act, 18 U.S.C. § 2705(b) (the "SCA"). *See In re Application of the United States of Am. for Nondisclosure Order Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014032122836*, 2014 WL 1775601, at *1-3 (D.D.C. Mar. 31, 2014), *rev'd*, 41 F. Supp. 3d 1, 6 (D.D.C. 2014). Having already complied with the original order for a year, Instagram is presumably in a particularly good position to provide its considered views on each point.[1]

---

[1] In reversing the magistrate judge's ruling that a service provider was entitled to be heard in advance of the issuance of a non-disclosure order, the district court observed that the SCA allows the service provider to seek to quash or modify such an order after it has been issued "'if the

I therefore respectfully direct Instagram to submit its views in writing by June 26, 2019, and to abide by the substantive terms of the original non-disclosure order in this matter until the instant motion is finally resolved.

SO ORDERED.

Dated: Brooklyn, New York
June 12, 2019

_____/s/_____
James Orenstein
U.S. Magistrate Judge

---

information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.'" *Id.* (quoting 18 U.S.C. § 2705(d)). The court therefore concluded that "there is no statutory basis … for an order inviting [the service provider] to intervene to be heard on the merits of the government's application." *Id.* I respectfully disagree. To be sure, the SCA does afford a service provider the opportunity to object that complying with an order is unduly burdensome, but it is silent with respect to whether the provider may ever object to the legality of a non-disclosure order. Moreover, regardless of whether Instagram objects, I have an independent obligation to avoid issuing an order that violates controlling law. Nothing in the SCA prevents a court from satisfying itself that issuing the type of order the government seeks would not be incompatible with other dispositive authority. In any event, I do not now invite Instagram to weigh in before an order has been entered. Instagram has already been subject to a non-disclosure order (albeit one that lapsed on June 1, 2019), and, as noted below, will remain so; I merely seek its views before extending that order for ninety days.